UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Guidry, et al | Civil Action No. 6:10-cv-0868 |
| versus | Judge Tucker L. Melançon |
| Chevron U.S.A., Inc. | Magistrate Judge Patrick J. Hanna |

**MEMORANDUM RULING**

Before the Court is a "Motion For Summary Judgment By Danos & Curole Marine Contractors, L.L.C. On Borrowed Servant Status" (hereinafter "Danos & Curole") [Rec. Doc. 81], a Memorandum in Opposition filed by plaintiffs [Rec. Doc. 87], Danos & Curole's Reply thereto [Rec. Doc. 90] and a "Response" filed by Chevron U.S.A., Inc. [Rec. Doc. 91]. For the following reasons, the motion will be granted.

*Background*

Branden Guidry, alleges he was injured on November 19, 2009 while working on a Chevron platform located in Eugene Island 24A ("Platform") when he stepped on a drain cover which collapsed and caused him to fall, resulting in injuries to his low back and his knee. *R. 1, Complaint*; *R. 68, Exh. A, pp. 1-2*. Plaintiffs filed this action against Chevron on May 27, 2010 pursuant to the Outer Continental Shelf Lands Act and General Maritime jurisdiction alleging that Chevron's negligence, in its capacity as the platform owner, caused Guidry to suffer severe injuries and damages including lost wages, lost earning capacity, pain and suffering (physical and emotional), past and future medical expenses. *R. 1, ¶ 5*. At the time of the alleged accident, Chevron operations specialists, Gerald Dupre and William Thornton, were the supervisors onboard the Platform working opposite shifts from one another and were the senior-most persons onboard the Platform. *R. 81, Exh. B, Depo. Of Dupre, pp. 7-8*. Each Chevron supervisor worked with an operator, which in William Thornton's case was Chevron employee Malcolm Davis. *Id., pp. 16, 78-79*. The operator

on Gerald Dupre's shift was Marshall Mitchell, a contract production operator and payroll employee of Danos & Curole. *R. 81.* On March 15, 2011, plaintiffs filed their Second Supplemental and Amending Complaint adding Danos & Curole as an additional defendant alleging that Mitchell was responsible for Guidry's alleged accident and that Danos & Curole was vicariously liable for Mitchell's actions. *R. 38, III 4D - V 11.* On July 13, 2011, Danos & Curole filed this Motion for Summary Judgment contending that Mitchell was the borrowed employee of Chevron at the time of the alleged accident. *R. 81.*

## II. Summary Judgment Standard

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir.1994)(en banc). Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact. When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Id.* If the moving party fails to carry this burden, his motion must be denied. If he succeeds, however, the burden shifts to the non-moving party to show that there is a genuine issue for trial.[1] *Id.*

---

[1] Where the nonmoving party has the burden of proof at trial, the moving party does not have to produce evidence which would negate the existence of material facts. It meets its burden by simply pointing out the absence of evidence supporting the non-moving party's case. *Celotex Corp.,* 477 U.S. at 325. To oppose the summary judgment motion successfully, the non-moving party must then be able to establish elements essential to its case on which it will bear the burden of proof at trial. A complete failure of proof by the non-moving party of these essential elements renders all other facts immaterial. *Id.* at 322.

at 322-23.

Once the burden shifts to the respondent, he must direct the attention of the court to evidence in the record and set forth specific facts sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp.*, 477 U.S. at 324; Fed.R.Civ.Pro. 56(c). The responding party may not rest on mere allegations or denials of the adverse party's pleadings as a means of establishing a genuine issue worthy of trial, but must demonstrate by affidavit or other admissible evidence that there are genuine issues of material fact or law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144. 159 (1970); *Little*, 37 F.3d at 1075. There must be sufficient evidence favoring the non-moving party to support a verdict for that party. *Anderson,* 477 U.S. at 249; *Wood v. Houston Belt & Terminal Ry.,* 958 F.2d 95, 97 (5th Cir.1992). There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 178 (5th Cir.1990).

If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for. Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 322. Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

### III. Analysis

Danos & Curole moves the Court for summary judgment on the basis that its payroll employee, Marshall Mitchell, the Platform production operator at the time of the alleged accident was the borrowed employee of Chevron. *Id.* While plaintiffs argue that a genuine issue of material fact exists as to whether or not Mitchell was Chevron's borrowed employee,

the majority of plaintiff's opposition memorandum includes their contention that even if Mitchell is a borrowed servant of Chevron, Danos & Curole could still be held liable for Mitchell's actions under the "dual employer" doctrine. The Court will address these issues in turn.

*1. Borrowed Employee Doctrine*

Under the borrowed employee doctrine, a general employer may be relieved of vicarious liability for an employee's negligent actions if the employee was "borrowed"; i.e., if at the time of the negligent action the employee was under the control of a specific employer, or was engaged in the specific employer's business. *Boston Old Colony Ins. Co. v. Tiner Associates Inc.*, 288 F.3d 222, 228 -229 (5th Cir. 2002) (citing *Benoit v. Hunt Tool Co.*, 219 La. 380, 53 So.2d 137, 140 (1951)). "The question of borrowed-employee status is a question of law for the district court to determine." *Lemaire v. Danos & Curole Marine Contractors Inc.*, 265 F.3d 1059 (5th Cir. 2001) (unpublished) (quoting *Billizon v. Conoco, Inc.*, 993 F.2d 104, 105 (5th Cir.1993)). In *Ruiz v. Shell Oil Co.*, 413 F.2d 310, 312 (5th Cir. 1969), the Fifth Circuit identified a nine factor test as a guide for determining borrowed employee status in the content of the Longshore and Harbor Workers' Compensation Act (LHWCA). To determine borrowed employee status, the following nine factors must be considered:

(1) Who has control over the employee and the work he is performing, beyond mere suggestion of details or cooperation?

(2) Whose work is being performed?

(3) Was there an agreement, understanding, or meeting of the minds between the original and the borrowing employer?

(4) Did the employee acquiesce in the new work situation?

(5) Did the original employer terminate his relationship with the employee?

  (6) Who furnished tools and place for performance?

  (7) Was the new employment over a considerable length of time?

  (8) Who had the right to discharge the employee?

  (9) Who had the obligation to pay the employee?

*Brown v. Union Oil Co. of California*, 984 F.2d 674, 676 (5th Cir. 1993)(citing *Ruiz,* 413 F.2d at 310). "No single factor, or combination of them is determinative" of borrowed employee status. *Id*. at 677.

  Danos & Curole assert that each of these nine factors support the finding that Mitchell was the borrowed servant of Chevron. *R. 81.* Plaintiffs do not address nor dispute Danos & Curole's assertions related to factors one through seven or factor nine. Plaintiffs argue, however, that a genuine issue of material fact exists as to whether Chevon had the right to discharge Mitchell - the eighth *Ruiz* factor.

  In support of its position that Chevron had the right to terminate Mitchell from employment, Danos & Curole cite the deposition of Gerald Dupre, Chevron's operator specialist and Mitchell's supervisor on the Platform in which Dupre stated that Chevron could "fire" Mitchell. *R. 81-5, Exh. B, Depo. of Dupre, p. 83-85* Plaintiffs argue that Dupre's deposition testimony is unclear as to whether Chevron had the authority to terminate Mitchell's employment with Danos & Curole or only remove him from Chevron's facilities.

  The jurisprudence in the Fifth Circuit is well-established that the proper focus when considering who has the right to discharge the borrowed employee is not whether the borrower can terminate the borrowed employee's employment with his employer, but whether the borrower has the right to terminate the borrowed employee's services with itself. *Capps v. N.L. Baroid-NL Industries, Inc*., 784 F.2d 615, 618 (5th Cir. 1986); *Melancon v. Amoco Prod. Co.*, 834 F.2d 1238, 1246 (5th Cir.1988). Thus, whether Chevron had the

authority to terminate Mitchell's employment with Danos & Curole is irrelevant to the determination of this factor. As the record establishes, and plaintiffs do not dispute, Danos & Curole had the authority to dismiss or remove Mitchell from Chevron's Platform. Therefore, factor eight favors borrowed servant.[2]

Citing *Morgan v. ABC Manufacturer*, 710 So.2d 1077 (La.1998), plaintiffs further assert that because questions of material fact remain as to whether the dual employer doctrine applies in this case, Danos & Curole cannot seek a determination that they are immune from tort liability for Mitchell's actions. *R. 81*. Danos & Curole argue that, contrary to plaintiffs' contention, they do "not seek any determination as to the relative liability of itself and/or Chevron in the event any fault is found the actions/inactions of Marshall Mitchell," and therefore, the dual employer doctrine is not before the Court. *R. 90*. The Court agrees.

The Firth Circuit addressed the dual employer doctrine in *Boston Old Colony Ins. Co. v. Tiner Associates Inc.*, 288 F.3d 222 (5th Cir. 2002):

> The borrowed servant doctrine has been modified somewhat by the dual employer doctrine, according to which both the special and general employer may be found jointly liable for the torts of a borrowed employee, in circumstances where the employee's negligent acts were done in the pursuance of duties designated for him by his [general] employer, in whose pay he continued and who had the sole right to discharge him. *LeJeune v. Allstate Ins. Co.*, 365 So.2d 471, 481 (La.1978). In addition, where a general employer is engaged in the business of hiring out its employees under the supervision of another employer, the general employer remains liable for the torts of the borrowed employees. *Morgan v. ABC Manufacturer*, 710 So.2d 1077 (La.1998). Thus, in *Morgan* the Louisiana Supreme Court held that a

---

[2] Chevron filed a "Response" to Danos & Curole's motion stating that "Mitchell would qualify as its borrowed servant under the *Ruiz* nine-factor test" and supplementing the record "to clarify the deposition testimony of Mr. Dupre concerning Chevron's authority or right to terminate Mr. Mitchell's work on Chevron's facilities." *Id.* In the Unsworn Declaration Of Gerald Dupre attached to the Response, Dupre states that in answering counsel's deposition questions related to Chevron's right to terminate Mitchell he was "referring to Chevron's authority or right to dismiss or remove Mr. Mitchell from Chevron's Eugene Island facilities" and that "Chevron did not and does not have authority or right to fire Mitchell from his employment with Danos & Carole." *R. 91-2.*

> temporary services agency, which had the exclusive power to recruit, hire, and fire employees and handled administrative duties related to the employees for a specific employer, was a dual employer and was vicariously liable for the employees' torts. *Id*. at 1084. Neither *LeJeune* nor *Morgan* abrogated the borrowed employee doctrine; they simply limited its scope so that it would not apply in cases where the general employer retains control over the employee at the time of the negligent action, such that it can be characterized as a dual employer.

*Id*. at 229. Here, the Motion requires no determination by the Court that the dual employee doctrine applies as Danos & Curole has not moved the Court to be dismissed from this action nor raised any issue related to the liability of itself or Chevron.

### *IV. Conclusion*

As the Court finds that Marshall Mitchell was Chevron's borrowed employee on the date of the alleged accident, Danos & Curole's motion for summary judgment will be granted.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Guidry, et al      Civil Action No. 6:10-cv-0868

versus      Judge Tucker L. Melançon

Chevron U.S.A., Inc.      Magistrate Judge Patrick J. Hanna

## JUDGMENT

In accordance with the Memorandum Ruling issued on this date, it is therefore

**ORDERED** that the Motion For Summary Judgment filed by Danos & Curole Marine Contractors, L.L.C. [Rec. Doc. 81] is **GRANTED**.

Thus done and signed this 18th day of August, 2011 at Lafayette, Louisiana.

_____
Tucker L. Melançon
UNITED STATES DISTRICT JUDGE