UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

BRANDEN GUIDRY, ET AL.          CIVIL ACTION NO. 6:10-cv-00868

VERSUS                          JUDGE MELANÇON

CHEVRON USA, INC.               MAGISTRATE JUDGE HANNA

## FINDINGS  OF  FACT,  CONCLUSIONS  OF  LAW, AND  ORDER

Pending before this Court is the motion for entry of declaratory judgment (Rec. Doc. 139), which was filed by the plaintiffs, Branden and Terra Guidry, individually and as administrators of the estate of their six minor children, in conjunction with a settlement of the plaintiffs' claims.  The parties consented to have the undersigned decide this motion, and the District Court referred this motion to the undersigned to conduct all proceedings and enter judgment, pursuant to 28 U.S.C. § 636.  (Rec. Doc. 148).

## PROCEDURAL  BACKGROUND

On September 29, 2011 and October 5, 2011, settlement conferences with the undersigned were held, and a partial settlement of the parties' claims was negotiated. (Rec. Docs. 122 and 126).  On October 12, 2011, the remaining claims were

compromised. (Rec. Doc. 128). On October 13, 2011, a sixty-day order of dismissal was entered without prejudice to the right to reopen the action if the settlement was not consummated, and the Court retained jurisdiction pursuant to *Kokkonen v. Guardian Life*, 511 U.S. 375 (1994). (Rec. Docs. 127 and 129).

The plaintiffs' settlement with defendants Chevron USA Inc. and Danos & Curole Marine Contractors LLC, and intervenor Liberty Mutual Insurance Company was conditioned upon approval by the United States Department of Labor ("USDOL") pursuant to 33 U.S.C. § 908(i) of a settlement of the claim brought by the plaintiffs under the Longshore and Harborworkers' Compensation Act ("LHWCA"). The settlements reached in this case and in the USDOL were also conditioned upon approval of a Medicare set-aside ("MSA") by the Centers for Medicare and Medicaid Services ("CMS").

On November 18, 2011, the parties advised the Court that one of the conditions of settlement could not be satisfied. (Rec. Doc. 138). Although the parties wanted the MSA approved by CMS for purposes of complying with the provisions of the Medicare Secondary Payer Statute ("MSP"), 22 U.S.C. § 1395y(b)(2), and the commensurate regulations, the parties were concerned that the settlement could not be finalized and cited the delay associated with obtaining approval from CMS and the fact that approval may not ever be forthcoming. On that same day, a motion to reopen

the case (Rec. Doc. 137) was filed by the plaintiffs, without objection by the defendants, so that a judgment declaring that Medicare's interests were adequately protected could be obtained.

In an effort to avoid rescinding the settlement altogether and to achieve compliance with the provisions of the MSP, the plaintiffs filed a motion for declaratory judgment seeking (1) approval of the settlement, (2) a declaration that the interests of Medicare are adequately protected by setting aside a sum of money determined by the Court to fund any of Mr. Guidry's future medical expenses related to the injuries claimed and released in this lawsuit, and (3) an order setting that amount aside from the settlement proceeds and depositing it into an interest-bearing account to be self-administered by Terra Guidry.  (Rec. Doc. 139).  The defendants and the intervenor consented to the motion with the proviso that the plaintiffs would execute a full release in favor of the defendants, and execute an application for approval of settlement of the claims brought under the LHWCA, pursuant to 33 U.S.C. § 908(i), for submission to the USDOL.

The Court set the matter for an evidentiary hearing and ordered service to be made by the Clerk of Court on the Secretary of Health and Human Services, the chief counsel of HHS/OGC for Region VI, and the civil chief of the office of the United States Attorney for the Western District of Louisiana.  (Rec. Doc. 147).  By letter

dated December 27, 2011 from the United States Attorney, the Court was advised that HHS/CMS would not participate in the hearing.  Pertinent portions of the letter, a copy of which was entered into the record as the Court's Exhibit No. 1, read as follows:

> The Centers for Medicare and Medicaid Services ("CMS") does not review or sign off on counsel's determination of whether or not there is recovery for future medical services, and thus the need to protect the Medicare Trust Funds.  Moreover, CMS does not review or sign off on counsel's determination of the amount to be held to protect the Trust Fund in most cases.
>
> In this case, CMS would neither review, nor be involved in the parties' determination of whether a set aside is needed.  Further, in reviewing the information available from the docket sheet, the instant case does not meet the criteria of the limited cases for which CMS would review the amount of the MSA.

At the hearing, Liberty Mutual Insurance Company, the workers' compensation insurer of Mr. Guidry's employer, which was previously dismissed from the litigation by way of a motion for summary judgment, moved to intervene in the lawsuit.[1]  The motion was granted.

At the hearing, the Court heard testimony from Branden and Terra Guidry as well as from Ms. Rasa Fumagalli, senior staff attorney with Protocols, Inc., who was

---

[1]    The judgment against Liberty Mutual was never designated as a final judgment pursuant to Fed. R. Civ. P. 54(b) and Liberty Mutual actively participated in the settlement conferences.

-4-

accepted as an expert in MSA/MSP issues and whose company prepared the MSA submitted into evidence.  The Court received into evidence medical records from Mr. Guidry's treating physicians and from Dr. Anthony S. Ioppolo, who conducted an examination of Mr. Guidry at the request of the defendants.  The Court also received expert reports from a vocational expert and economists, a memorandum from CMS dated May 11, 2011, stipulations of the parties regarding the settlement agreement, and the receipt and release to be executed by the parties in finalization of the settlement.

From the pleadings, the evidence and stipulations of the parties, the Court makes the following:

## FINDINGS  OF  FACT

1.      Branden Guidry was injured in a workplace accident on November 19, 2009. At that time, he was employed by KCS-Kelley Completion Services, a division of Intertek Caleb Brett, and assigned to work on a Chevron structure located on the Outer Continental Shelf at Eugene Island 24A.  He was walking across a platform deck carrying objects weighing approximately one hundred pounds.  He stepped on a drain cover that allegedly pivoted, causing him to fall with one leg in the hole and one leg on the platform.

2.      As a result of the accident, Mr. Guidry was diagnosed with a disc herniation with displacement of the left S1 nerve root and lumbar radiculopathy.  Following conservative treatment, Mr. Guidry underwent low back surgery on May 14, 2010 including instrumented fusion.  After a period of physical therapy and rehabilitation, he was diagnosed with meralgia paresthetica on the right side and radicular symptoms consistent with arachnoidopathy.  He was also treated for depression and anxiety.  At the current time, he is only being treated with prescription medication for pain.  There are no surgical recommendations and no further physical therapy prescribed; however, psychological treatment has been recommended by his treating psychologist.

3.      Mr. Guidry and his wife, Terra Guidry, individually and on behalf of their minor children, filed suit on May 27, 2010, seeking to recover for the damages they allegedly sustained as a result of the accident.  Liability and damages were vigorously contested by the defendants.  The claims against defendants Chevron U.S.A., Inc. and Danos & Curole Marine Contractors, LLC were settled amicably after lengthy negotiations.  The defendants agreed to pay the plaintiffs the sum of $975,000.  In consideration for a settlement approved by the USDOL under 33 U.S.C. § 908(i) releasing the claims brought under the LHWCA, Liberty Mutual agreed to pay

Branden Guidry $50,000 and to waive its intervention and any lien it might have had.[2]

Part of the consideration for all of the settlements was that the plaintiffs would be

responsible for protecting Medicare's interests under the MSP.

4       Various medical information primarily from Mr. Guidry's treating physicians

was accumulated and an MSA was prepared by Protocols, Inc., a Medicare set-aside

vendor.  Utilizing a more liberal standard than the burden of proof that would have

to be carried by the plaintiffs under the applicable substantive law in this case were

it to proceed to trial, Protocols, Inc. determined that Mr. Guidry's future potential

medical expenses that would be covered by Medicare and are related to the injuries

claimed in this lawsuit amount to $75,420.59 if the cost of anticipated future

psychological and/or psychiatric treatment is waived or $77,204.16 if those costs are

included.

5.      CMS does not currently require or approve Medicare set-asides when personal

injury lawsuits are settled.  CMS does not currently have a policy or procedure in

effect for reviewing or providing an opinion regarding the adequacy of the future

medical aspect of a liability settlement or recovery of future medical expenses

---

[2]       Although the intervention had been dismissed by summary judgment, the viability of those claims in intervention could have been raised on appeal at such time as a final judgment was rendered.

incurred in liability cases.  CMS would not review or approve an MSA for the worker's compensation claim asserted under the LHWCA.

6.      Branden Guidry's date of birth is September 13, 1977, and he will not obtain the age of 65 within 30 months of the date of settlement.  Branden Guidry is not a veteran of the armed forces, nor is he currently a Medicare beneficiary.  He has applied for Social Security disability benefits twice.  His first application was denied, and his second application remains pending.  He does not have End Stage Renal Disease.  He has never submitted any medical expense related to the injuries received in the accident that forms the subject matter of this lawsuit for payment by Medicare.

7.      Had this lawsuit been tried and a verdict obtained in favor of the plaintiffs, Mr. Guidry would have been entitled to recover pecuniary and non-pecuniary damages. His family would have been entitled to recover their damages for loss of consortium. He has incurred medical expenses in the past that total approximately $66,669.95, which was funded by his employer's workers' compensation insurer.  He has incurred past economic losses in excess of $160,000.  The amount of the future economic losses is estimated by the various experts to range from approximately $700,000 to over $2 million.  He has undergone a surgical procedure to his spine.  Considering all of the facts and circumstances of the case, including the plaintiffs' significant past and future losses, the parties' agreement to settle this case for a payment of $975,000

by the defendants, together with a waiver and payment of $50,000 by the worker's compensation insurer, represents a reasonable compromise to avoid the uncertainty and expense that would be incurred if this case were tried.

8.     Ms. Rasa Fumagalli, senior staff attorney with Protocols, Inc., who was accepted as an expert and whose opinion was found to be reliable and based on sound methodology, explained how the MSA evaluation was prepared by Protocols, Inc. The Court finds the estimate of future medical costs, as set forth in the MSA, to be both reasonable and reliable.

9.     Based upon the medical records of Dr. Lyle LeCorgne (Exhibit H), the Court finds that Mr. Guidry has experienced psychological symptoms that, more likely than not, were caused by the subject accident.  Therefore, the cost of future treatment for those symptoms, which is estimated by Protocols, Inc. to be $1,783.58, shall be included in the amount set aside.

10.     Based upon the medical records of Dr. Daniel L. Hodges (Exhibit G), the Court finds that Mr. Guidry was given a sample of the drug Pristiq on one occasion, but was never given a prescription for that medication, and is not currently taking that medication.  Therefore, the cost of future prescriptions of Pristiq shall not be included in the amount set aside.

11.    Based on the information provided by Mr. Guidry's treating physicians and the opinion of Protocols, Inc., utilizing the longshore and harbor workers' compensation fee schedule, and including future psychological treatment, Mr. Guidry can anticipate $77, 204.16 in future Medicare-covered items or services.  The Court finds that this amount adequately protects Medicare's interests and should be available to provide funding for future medical items or services related to what was claimed and released in this lawsuit that would otherwise be covered or reimbursable by Medicare.

12.    The Court finds that Mr. Guidry's wife, Terra Guidry, is able and willing to administer the fund that is intended to be used for payment of future medical items or services that would otherwise be covered by Medicare; therefore, Terra Guidry will assume that responsibility as the administrator of the fund.

13.    Mr. Guidry is aware of his obligation to reimburse Medicare for all conditional payments made by Medicare for any medical expenses he incurred that were related to the injuries claimed in this lawsuit.  He testified that no requests or applications for payments have been made to Medicare, and that he knew of no payment that may have been paid by Medicare.  Although provided with notice of the hearing, HHS opted not to participate and provided no notice of any conditional payments for which it intended to seek reimbursement.  Therefore, the Court finds that there is no

evidence of any conditional payments made by Medicare before the time of the settlement.

14.     There is no evidence that Mr. Guidry, his attorneys, any other party or any other party's representative, is attempting to maximize other aspects of the settlement to Medicare's detriment.

Based upon the foregoing findings of fact, the undersigned makes the following:

## CONCLUSIONS OF LAW

1.     Jurisdiction over the underlying litigation is based on 28 U.S.C. § 1331 and the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331, *et seq*.  This Court has jurisdiction to decide this motion pursuant to 28 U.S.C. § 2201 in that there is an actual controversy and the parties seek a declaration as to their rights and obligations in order to comply with the MSP and its attendant regulations in the context of a third-party settlement for which there is no procedure in place by CMS.

2.     Medicare may obtain secondary payer status under the MSP if payment has been made, or can reasonably be expected to be made, under a workers' compensation law of a state or under an automobile or liability insurance policy, both of which are defined in the statute as a "primary plan." 42 U.S.C. § 1395y(b)(2)(A)(ii).  A primary

plan's responsibility for payment can be determined by judgment or settlement.  42 U.S.C. § 1395y(b)(2)(B)(ii), 42 C.F.R. § 411.22(b)(1-3).

3.     By virtue of the terms and obligations in the settlement of the parties' claims and the plaintiffs' receipt of the settlement funds in conjunction therewith, Mr. Guidry will become an "entity who received payment from a primary plan," and is therefore responsible as a primary payer for future medical items or services that would otherwise be covered by Medicare, which are related to what was claimed and released in this lawsuit, in the amount of $77,204.16.  To the extent there are items or services incurred by Mr. Guidry in the future that would otherwise be covered or reimbursable by Medicare, that are related to what was claimed and released in this lawsuit, Medicare shall not be billed for those items or services until the funds received by Mr. Guidry for that purpose through the settlement are exhausted.

4.     Mr. Guidry is obligated to reimburse Medicare for all conditional payments made by Medicare prior to the time of the settlement and for all medical expenses submitted to Medicare prior to the date of this order, even if such conditional payments are asserted by Medicare subsequent to the effective date of this order.

5.     The sum of $77,204.16, to be utilized by Mr. Guidry out of the settlement proceeds to pay for future medical items or services that would be otherwise covered by Medicare, reasonably and fairly takes Medicare's interests into account in that the

-12-

figures are based on reasonably foreseeable medical needs (as opposed to the standard of proof required by the substantive law that would be applicable if the case were tried on the merits), based on the most recent information from the treating physicians, utilizing fee schedules that would be acceptable to CMS according to the expert who provided the MSA evaluation.

6.      Since CMS provides no other procedure by which to determine the adequacy of protecting Medicare's interests for future medical needs and/or expenses in conjunction with the settlement of third-party claims, and since there is a strong public interest in resolving lawsuits through settlement,[3] the Court finds that Medicare's interests have been adequately protected in this settlement within the meaning of the MSP.

Based upon the foregoing conclusions of law, the Court makes the following order:

IT IS HEREBY ORDERED that:

The parties' motion for declaratory judgment (Rec. Doc. 139) is GRANTED IN PART AND DENIED IN PART.  More particularly:

1.      To the extent that Branden Guidry receives confirmation from Medicare of any conditional payments made by Medicare for services provided

---

[3]      *McDermott, Inc. v. AmClyde,* 511 U.S. 202, 215 (1994).

-13-

prior to the date of this order, Branden Guidry shall promptly reimburse Medicare for such conditional payments.

2.      Branden Guidry shall provide funding for $77,204.16 out of the settlement proceeds for payment of future medical items or services, which would otherwise be covered or reimbursable by Medicare, related to what was claimed and released in this lawsuit.

3.      The funding for Branden Guidry's future medical expenses shall be deposited into an interest bearing account, which will be self-administered by Mr. Guidry's wife, Terra Guidry, for the purpose of paying any future medical items or services that would otherwise be covered or reimbursable by Medicare that are related to what was claimed and released in this lawsuit.

4.      All other requested relief is DENIED.

Signed at Lafayette, Louisiana, this 28th day of December 2011.


PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE


-14-